## Richmond

### CITY OF PORTSMOUTH v. COUNTY OF NORFOLK.

June 18, 1956.

Record No. 4481.

Present, All the Justices.

The opinion states the case.

*R. C. Barclay, City Attorney* and *William L. Parker*, for the appellant.

*Edward L. Breeden, Jr.* and *James N. Garrett (Peter M. Axson, Jr., Commonwealth's Attorney*, on brief), for the appellee.

SMITH, J., delivered the opinion of the court.

The question presented in this case is whether the trial court erred in dismissing an annexation proceeding instituted by the City of Portsmouth, referred to herein as the City, against the County of Norfolk, referred to herein as the County. The facts and proceedings pertinent to our discussion and answer to this question may be stated as follows.

On October 17, 1953, the City enacted an ordinance in which it was declared that the City desired to annex certain adjacent territory located in the County. The ordinance recited the metes and bounds and size of the area sought; declared that for seven enumerated reasons the proposed annexation was both necessary and expedient; stated certain terms and conditions upon which the City desired to annex the additional territory, and recited: "That attached hereto and made a part hereof by this reference is an aerial photograph of the City of Portsmouth and the areas proposed for annexation, designated as Exhibit No. 1, and also a base map of the areas designated as Exhibit No. 2. These exhibits indicate generally the sub-divisions involved, industrial lands, farm and vacant areas and others." The ordinance further "directed and instructed" the City Attorney and the City Manager "to institute and to prosecute with all reasonable dispatch the necessary legal proceedings" to consummate the proposed annexation, and stated that "they are authorized in the name of the City to do all things necessary and essential to successfully handle the litigation."

On November 18, 1953, the City filed its petition for annexation and the Commonwealth's Attorney and the several members of the Board of Supervisors of the County were served with notice that the City would, "at 10:00 o'clock A. M., on the 29th day of December, 1953, move the Circuit Court of Norfolk County and/or the Honorable Judges who shall hear this case as provided by law, to make an order authorizing and declaring the annexation of certain territory in Norfolk County to the City of Portsmouth set out in an ordinance of the Council of the City of Portsmouth approved on the 17th day of October, 1953, as provided for by V. C. (1950) § 15-152.3." A certified copy of the ordinance and accompanying aerial photograph and base map were attached to and served with the notice.

Pursuant to an order of the Circuit Court of Norfolk County the notice and ordinance were published in the Portsmouth Star, a daily newspaper published in the City, and on December 14, 1953, the edi-

tor· of that publication certified in writing that the notice, ordinance, photograph and map had been published once a week for four successive weeks. A copy of the actual publication, which occupied one full page of the newspaper, was attached to the certificate of the editor.

Thereafter, on December 16, 1953, the Chief Justice of this court entered an order designating the Honorable Elliott Marshall, Judge of the Seventeenth Judicial Circuit, and the Honorable Rayner V. Snead, Judge of the Twenty-sixth Judicial Circuit, "to preside in the Circuit Court of Norfolk County with Honorable Edward L. Oast, Resident Judge, as members of a three-judge court, authorized by section 15-152.8 of the Code of Virginia, 1950, in the case of City of Portsmouth, a Municipal Corporation v. Norfolk County, beginning on a date to be fixed by the Court." The record does not show that anything further occurred in the case from the designation of the judges until March 24, 1955, when the County appeared specially and moved to quash the service, publication and returns, and dismiss the case, on the following stated grounds:

"1. The supposed publication in the newspaper is invalid under the statutes for annexation; and does not comply with Section 15-152.3 and Section 15-125.5 [sic][1] of the Code of Virginia as amended; and the maps therein are not legible and are invalid.

"2. The case has lapsed and failed. The day given in the notice for the motion was December 29, 1953, and no motion has been made. The statutes for annexation have not been complied with by the City of Portsmouth."

In its final order the court, Judge Marshall dissenting, sustained the County's motion and dismissed the case, to which order we awarded the City this appeal.

■ The order of dismissal does not show the ground or grounds

---

[1] Prior to the adoption of the Constitution of 1902, the annexation of territory by cities and towns was effected by special acts of the legislature. But in § 126 of the Constitution of 1902 it is provided that no special act "shall be valid" and that the General Assembly "shall provide by general laws for the extension and contraction" of the corporate limits of cities and towns. In compliance with this constitutional mandate the legislature has from time to time enacted general provisions for the extension and contraction of municipal corporate limits. See *Falls Church* v. *Bd. of Supervisors*, 193 Va. 112, 68 S. E. 2d 96.

In 1952 the General Assembly repealed the annexation statutes then in effect, Code, §§ 15-125 to 15-152.1, and enacted in their place the provisions now in effect, Code, §§ 15-152.2 to 15-152.28. Acts 1952, c. 328. Hence, the reference to Code, § 15-125.5 in the first ground of the County's motion should be Code, § 15-152.5.

upon which it was based and no opinion was filed. We must therefore determine whether either of the grounds stated in the County's motion and argued in the briefs is sufficient to support the order dismissing the case. We shall first discuss the County's contention that the case was properly dismissed because the maps (aerial photograph and base map) incorporated in the ordinance were not legibly printed in the newspaper. While our examination of the published maps convinces us that they were not legibly reproduced in the newspaper, were confusing and were wholly unintelligible, we are of the opinion that this alone, under the circumstances of this proceeding, was not a sufficient ground for dismissing the case.

When a city or town desires to annex adjacent territory it must first pass an ordinance in compliance with Code, § 15-152.3, which provides as follows:

"*Ordinance for annexation by city or town.*—The council of any city or town may by an ordinance passed by a recorded affirmative vote of a majority of all the members elected to the council, or to each branch thereof, if there are two, petition the circuit court of the county in which any territory adjacent to such city or town lies, for the annexation of such territory. Such ordinance shall set forth the necessity for or expediency of annexation and shall contain the following detailed information:

"(a) Metes and bounds and size of area sought;

"(b) Information, which may be shown on a map annexed to the ordinance, of the area sought to be annexed; indicating generally subdivisions, industrial areas, farm areas, vacant areas and others; together with any other information, deemed relevant as to possible future uses of property within the area. If a map is not annexed as part of the ordinance, then such information shall be set forth in the ordinance.

"(c) A general statement of the terms and conditions upon which annexation is sought, and the provisions planned for the future improvement of the annexed territory, including the provision of public utilities and services therein."

After the passage of an ordinance pursuant to Code, § 15-152.3, the town or city is next required to comply with the provisions of Code, § 15-152.5, which provides as follows:

"*Notice of motion: service and publication: docketing.*—In any annexation proceedings instituted by it the city or town shall give notice to the Commonwealth's Attorney and to each member of the gov-

erning body of the county wherein such territory lies that it will, on a given day, not less than thirty days thereafter, move the circuit court of the county wherein such territory lies, or the judges designated to hear the case, to grant the annexation requested in the ordinance, with which notice shall be served a certified copy of the ordinance. A copy of the notice and ordinance or an informative summary thereof shall be published at least once a week for four successive weeks in some newspaper published in such city or town, and when there is no newspaper published therein, then in a newspaper having general circulation in the county whose territory is affected. The notice and ordinance shall be returned after service to the clerk of the circuit court and when the publication is completed, of which the certificate of the owner, editor or manager of the newspaper publishing it shall be proof, the case shall be docketed for hearing."

The County does not contend in this court that the ordinance enacted by the City fails to comply with any of the provisions of Code, § 15-152.3, but it does contend that since the information required by paragraph (b) of that section was not summarized in the ordinance but was, at the election of the City, incorporated therein by reference to the maps, the legible publication of those maps, or an informative summary of their contents, was essential to a valid publication of the ordinance under Code, § 15-152.5. The ordinance contains a metes and bounds description of the outside boundaries of the territory proposed to be annexed and this information was legibly published, but this was only a publication of what was required by paragraph (a) of Code, § 15-152.3, and did not supply the information required by paragraph (b) of that section. Since the maps contained the information required by paragraph (b), when they were printed illegibly without an informative summary of their contents, the publication requirements of Code, § 15-152.5 were not wholly met.

The publication required by Code, § 15-152.5 is not process but is designed to give notice to the public of the proposed annexation and to supply those who may be affected thereby, or interested therein, with certain information from which they may determine whether or not to act in support of or against the proposed annexation. But the individual members of the public are not necessary parties to the annexation proceeding. However, under Code, § 15-152.6, "any qualified voters or freeholders in the territory proposed to be annexed or any adjoining city or town may, by petition, become parties to such

proceeding. Any county whose territory is affected by the proceedings, or any city, town or persons affected thereby, may appear and shall be made parties defendant to the case, and be represented by counsel." Hence, the publication required by Code, § 15-152.5 is not, as contended by the County, a substitute for personal service of process since no one is made a party by this publication. The only persons required to be served with process are the Commonwealth's Attorney and each member of the governing body of the county in which the territory proposed to be annexed is located. Code, § 15-152.5. In the instant case these persons were actually served with a copy of the notice, ordinance, aerial photograph and base map, the legibility and sufficiency of which are not questioned. Therefore, after the return of service of the notice and ordinance and after the editor of the newspaper certified that the notice and ordinance had been published once a week for four successive weeks, the case was properly docketed by the clerk for hearing. Code, § 15-152.5. And the case having been duly docketed, it was continued from time to time without the necessity of an order of continuance.[2]

The legislature has provided in Code, § 15-152.16 that no annexation proceeding "shall fail because of a defect, imperfection or omission in the pleadings which does not affect the substantial rights of the parties or any other technical or procedural defect, imperfection or error, but the court shall at any time allow amendment of the pleadings or make any other order necessary to insure the hearing of the case on its merits." This provision was inserted in the law not only to insure a hearing on the merits of annexation proceedings, but to prevent cities and towns from being unduly penalized by the provisions of Code, § 15-152.25, which provides that no city or town, having once instituted an annexation proceeding against a county, shall again be permitted to seek territory in that county for a period of five years. See Report of the Commission to Study Urban Growth, October 13, 1951, p. 16. See also, *Mowry, et al.* v. *City of Virginia Beach, Etc., et al.,* 198 Va. 205, 93 S. E. 2d 323, this day decided. Therefore, where there is a technical or procedural defect in the notice, pleadings or trial, under Code, § 15-152.16, the trial court should

---

[2] Code, § 17-25 provides:

"All causes upon the docket of any court and all other matters ready for its decision which shall not have been determined before the end of a term, whether regular or special, shall, without any order of continuance, stand continued to the next term."

See also, 6 Michie's Jur., Dismissal, Discontinuance and Nonsuit, § 21, p. 234.

in its ruling, before dismissing the case, give the party in default an opportunity to amend or correct the imperfection. In the instant case the trial court did not indicate the ground or grounds on which it based its final order and it does not appear that the court pointed out to the City any defect in the proceedings. Consequently, in the light of the liberal provisions of Code, § 15-152.16, and because no substantial rights of the parties were or could be affected by the defective publication nor by its proper republication, we hold that this defect, without giving the City an opportunity to republish the notice and ordinance, was not alone a sufficient ground for dismissing this annexation proceeding.

We shall next discuss the County's contention that the case was properly dismissed because no motion was made to annex the described territory on December 29, 1953, the date stated in the notice that it would be made, and no such motion has ever been made.

Code, § 15-152.5 requires the city or town instituting an annexation proceeding to state in its notice that "on a given day, not less than thirty days" after the date of the notice, it will move the court "to grant the annexation requested in the ordinance." The reasons for requiring the city or town to state a "given day" on which it will move the court to annex the desired territory is to give notice to the parties and the public of the time and place at which they may make answer and be afforded a reasonable opportunity to be heard; that the case will not be matured until that time, and that it will be heard then or thereafter, depending on when it is called by the court. Except as otherwise stated in Code, § 15-152.8, the annexation court is comprised of three judges, two of whom are required to be judges of circuit courts remote from the territory sought to be annexed. These judges are not designated until after the notice has been filed, and in most of the cases the days on which the court will convene must be left to the convenience and discretion of its members. It is apparent therefore that at the time of filing its notice of annexation, the city or town can not be certain that the annexation court will be in session on any "given day." Furthermore, there is no compelling reason for requiring the motion to annex to be made before the local judge on a "given day" since the case is on the docket and must await the convening of the annexation court.

In its notice dated November 18, 1953, the City stated that it would, on December 29, 1953, move the court to annex the desired territory, and in its petition also filed on November 18, 1953, it re-

quested that "all proceedings required by Title 15, Chapter 8 of the Code of Virginia, 1950, as amended, be had, and that said territory be annexed to the City of Portsmouth in accordance with the provisions of said Chapter." Hence, in its petition the City made a motion to annex the proposed territory and only failed to make a similar motion on the date stated in the notice. This failure on the part of the City has in no way affected the substantial rights of the County and is at most, if at all, only a technical defect and an insufficient reason for dismissing the case. Code, § 15-152.16.

Consequently, we hold that neither of the grounds stated in the County's motion to dismiss is a sufficient reason for dismissing the case. Therefore, the judgment is reversed and the case remanded with directions that the proceedings be reinstated, and that the City be given an opportunity to comply with Code, § 15-152.5, and the views herein expressed. The City having substantially prevailed on this appeal the appellate costs shall be paid by the County. Code, § 15-152.15.

*Reversed and remanded.*