## Richmond

CITY OF MARTINSVILLE V. COUNTY OF HENRY.

December 2, 1963.

Record No. 5671.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Irvin W. Cubine, City Attorney* and *John D. Epperly*, for the plaintiff in error.

*Robert C. Fitzgerald (Kenneth M. Covington, Commonwealth's Attorney; A. L. Philpott*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

In May, 1962, the City of Martinsville filed in the court below a

motion for the annexation of certain territory lying in Henry County. The motion was based on an ordinance adopted by the council of the city which set forth the necessity and expediency for the annexation, and purported to show the metes and bounds and size of the area sought to be annexed and other information required by Code, § 15-152.3. Attached to the ordinance was a copy of a map alleged to be on file in the office of the city clerk and which, it was said, "indicates generally subdivisions, industrial areas, farm areas, vacant areas, and others, together with any other information deemed relevant as to possible future uses of property within the annexation area."

Pursuant to Code, § 15-152.5, copies of the notice of motion for annexation with the attached ordinance and map were served on the county officials and published in a local newspaper.

On the return day of the notice of motion, the county appeared and filed a demurrer alleging in general terms that the "motion," as filed and advertised, did not comply with the requirements of § 15-152.3.

At the argument on the demurrer before the three-judge court constituted according to § 15-152.8, the county contended that the ordinance and map thereto attached did not give the information required by § 15-152.3, in that they did not set forth the "Metes and bounds and size of area sought," as required by paragraph (a) of the section, and did not contain the further information required by paragraph (b).

Upon consideration of the argument on the demurrer the lower court entered an order holding that the description in the ordinance of the area sought to be annexed "substantially" complied with paragraph (a) of § 15-152.3, but that the map attached to the ordinance did not "adequately and fully meet the requirements" of paragraph (b).

Over the objection of counsel for the county, the order granted the city leave "to correct said deficiency" within thirty days by filing "an amended map or a new map in various colors, which shall show existing land use[s] by indicating generally subdivisions, commercial areas, industrial areas, farm areas and vacant areas, as well as proposed future uses of the areas sought and otherwise complying with § 15-152.3(b)."

In compliance with the order the city filed in the clerk's office of the lower court a copy of a new map purporting to show the required details.

Shortly thereafter counsel for the county filed a plea to the jurisdiction of the court moving to dismiss the proceeding on the ground that the original map attached to the ordinance did not comply with the provisions of § 15-152.3, and on the additional ground that the new map had never been adopted by the council of the city as a part of its annexation ordinance, nor had any copy thereof been served on the officials of the county and published as required by § 15-152.5.

The city filed an answer to the plea to the jurisdiction, alleging among other things that since the filing of the plea, the council had "by appropriate resolution properly conformed" the new map "to its ordinance of annexation." However, no such resolution was produced in court or introduced in evidence.

At the conclusion of the argument on the plea the lower court adhered to its former ruling that the original annexation ordinance enacted by the city had substantially complied with the requirements of paragraph (a) of § 15-152.3. By a divided vote, the majority of the court held that such ordinance did not comply with the "mandatory requirements" of paragraph (b) of the section, in that the map attached to the ordinance failed to show "the existing uses of the land within the three areas sought to be acquired;" that the court had no authority to permit the city to file the amended or corrected map, the effect of which was to "revise or amend" the ordinance; that since the ordinance was fatally defective the court was without jurisdiction to hear the proceeding, and that accordingly it should be dismissed. From a final order sustaining the county's plea and dismissing the proceeding the city has appealed.

The substance of the city's assignment of error is that the lower court erred in sustaining the plea to the jurisdiction and dismissing the proceeding. It argues that, (1) the original annexation ordinance and the map thereto attached substantially complied with the requirements of § 15-152.3; (2) if not, the defect in the ordinance and map was "a defect, imperfection or omission in the pleadings which does not affect the substantial rights of the parties" and which the court was authorized to correct by proper amendment under § 15-152.16.

The determination of the issues between the parties depends upon the proper interpretation and application of § 15-152.3 and 15-152.16 of the annexation statutes. They read as follows:

"§ 15-152.3. *Ordinance for annexation by city or town.*—The council of any city or town may by an ordinance passed by a re-

corded affirmative vote of a majority of all the members elected to the council, or to each branch thereof, if there are two, petition the circuit court of the county in which any territory adjacent to such city or town lies, for the annexation of such territory. Such ordinance shall set forth the necessity for or expediency of annexation and shall contain the following detailed information:

"(a) Metes and bounds and size of area sought;

"(b) Information, which may be shown on a map annexed to the ordinance, of the area sought to be annexed: indicating generally subdivisions, industrial areas, farm areas, vacant areas and others; together with any other information deemed relevant as to possible future uses of property within the area. If a map is not annexed as part of the ordinance, then such information shall be set forth in the ordinance. * * * "

"§ 15-152.16. *Proceedings not to fail for technical or procedural defects or errors.*—No proceedings brought under this chapter shall fail because of a defect, imperfection or omission in the pleadings which does not affect the substantial rights of the parties or any other technical or procedural defect, imperfection or error, but the court shall at any time allow amendment of the pleadings or make any other order necessary to insure the hearing of the case on its merits."

▇ First, as to the sufficiency of the ordinance and the original map thereto attached. The map adopted as a part of the ordinance is labeled "Exhibit No. 1, Map of City of Martinsville and Vicinity, Existing Land Use and Proposed Annexation Areas." The legend thereon is thus detailed: "Identification Points; Rivers & Streams; Major Highways; Exist. Corp. Limits; Prop. Corp. Limits; Prop. Residential Use; Prop. Commercial Use; Prop. Industrial Use." Opposite each detailed designation is an appropriate symbol.

However, as the lower court correctly pointed out, paragraph (b) of § 15-152.3 requires, in effect, that the map or the ordinance "shall indicate generally existing uses of the land in the areas sought to be acquired by annexation," that is, "subdivisions, industrial areas, farm areas, vacant areas and others."

It is true that we have held that a substantial compliance with a similar ordinance will satisfy its requirements. *City Council of Alexandria* v. *Alexandria County,* 117 Va. 230, 250, 84 S. E. 630; *Warwick County* v. *City of Newport News,* 120 Va. 177, 195, 90 S. E. 644. But in the case before us it is clear that there is a lack of substantial compliance with § 15-152.3(b). Neither the ordinance

nor the attached map supplies the "detailed information" required by the statute. The legend on the map does not pretend to show the existing uses of the area sought to be annexed, the subdivisions, industrial areas, farm areas, or vacant areas.

We agree with the position of the county that the enactment of an ordinance substantially complying with § 15-152.3 is jurisdictional. The adoption of such an ordinance is the first and prerequisite step in the proceeding. *County of Henrico* v. *City of Richmond*, 177 Va. 754, 768, 771, 15 S. E. 2d 309, 312, 313; *City of Portsmouth* v. *County of Norfolk*, 198 Va. 247, 250, 93 S. E. 2d 296, 299, 300. And, as we said in *City Council of Alexandria* v. *Alexandria County, supra*, 117 Va., at page 250, the sufficiency of such an ordinance is a "jurisdictional question." See also, *Warwick County* v. *City of Newport News, supra*, 120 Va., at pages 195, 196.

The enactment of the required ordinance is a legislative act. *Southern Railway Co.* v. *City of Danville*, 175 Va. 300, 305, 7 S. E. 2d 896, 898; 13 Mich. Jur., Municipal Corporations, § 52, p. 427. Consequently, if a change in a legislative enactment is necessary or desirable, it must be effected by the legislative branch of the government and not by the judiciary. Mich. Jur., Vol. 4, Constitutional Law, § 53, p. 140; Mich. Jur., Vol. 17, Statutes, § 33, p. 282; *Id.*, § 34, p. 283. As has been said, no such legislative action has been shown in the present case.

It follows that the lower court was without authority to direct or permit the amendment of the ordinance by incorporating therein the new map.

█ Neither do we agree with the contention of the city that the court was authorized under § 15-152.16, *supra*, to permit the amendment of the city ordinance by the incorporation therein of the new map. That section provides that no annexation proceeding "shall fail because of a defect, imperfection or omission in the *pleadings* which does not affect the substantial rights of the parties." (Italics supplied.)

In *City of Portsmouth* v. *County of Norfolk, supra*, 198 Va., at pages 252, 253, 93 S. E. 2d, at page 301, relied upon by the city, we held that "where there is a technical or procedural defect in the notice, pleadings or trial, under Code, § 15-152.16, the trial court should in its ruling, before dismissing the case, give the party in default an opportunity to amend or correct the imperfection." But in the present case the defect is not a procedural defect in the notice,

pleadings, or trial. It is a defect in the annexation ordinance itself, that is, in the legislative act of the city council. Clearly, then, § 15-152.16 has no application here.

The order appealed from is

*Affirmed.*