## Staunton

CITY OF RICHMOND v. COUNTY OF CHESTERFIELD.

September 8, 1967.

Record No. 6474.

Present, All the Justices.

*William R. Cogar* (*J. E. Drinard, City Attorney; David J. Mays; John S. Davenport, III; Mays, Valentine, Davenport and Moore,* on brief), for appellant.

*John H. Thornton, Jr.* (*Frederick T. Gray; Oliver P. Rudy, Attorney for the Commonwealth for Chesterfield County; Woods, Rogers, Muse, Walker and Thornton; Williams, Mullen and Christian,* on brief), for the appellee.

CARRICO, J., delivered the opinion of the court.

On January 2, 1962, the City of Richmond filed a petition seeking the annexation of certain territory lying in Chesterfield County, adjacent to the City. Filed with and made a part of the petition was an ordinance which had been adopted by the council of the City on December 26, 1961.

The ordinance set forth the necessity for and expediency of the proposed annexation, a description of the area sought to be annexed, and certain information required to be furnished by Code, § 15-152.3 (1956 Repl. Vol., now Code, § 15.1-1033, 1964 Repl. Vol.).

Attached to the ordinance was a map, described in the ordinance as "showing the territory sought to be annexed on which are indicated generally subdivisions, industrial areas, farm areas, vacant and other areas."

Copies of the ordinance and the map, together with notice that on February 15, 1962, the City would move the court for the entry of an order granting the annexation, were served on county officials and published in the *Richmond News Leader,* pursuant to Code, § 15-152.5 (1956 Repl. Vol., now Code, § 15.1-1035, 1964 Repl. Vol.).

A three-judge court was constituted pursuant to Code, § 15-152.8 (1956 Repl. Vol., now Code, § 15.1-1038, 1964 Repl. Vol.).

On February 15, 1962, the return day of the notice, the City moved for the entry of an order granting annexation of the territory set out in the ordinance. The court permitted the filing of the City's motion for annexation but suspended the proceeding because of the pendency in this court of an original petition for a writ of prohibition challenging the jurisdiction of the annexation court. (See *King v. Hening,* 203 Va. 582, 125 S. E. 2d 827, denying the petition for a writ of prohibition.)

No further proceedings took place in the case until November, 1965, when the City renewed its motion for the entry of an order granting the annexation. On November 6, 1965, the court entered an order docketing the case for hearing, directing the County to file its pleadings within twenty-one days, and continuing the case until November 27, 1965, for hearing.

The County then filed a motion to dismiss, asserting, insofar as is pertinent here, that the annexation ordinance enacted by the City failed to comply with the jurisdictional requirements of Code, § 15.1-1033 (1964 Repl. Vol., formerly Code, § 15-152.3, 1956 Repl. Vol.) because it did not "set forth information which shows possible future uses of the property."

Following argument on the County's motion to dismiss, the court, with one judge dissenting, ruled that the City's ordinance "did not substantially comply with the requirements of Code Section 15.1-1033 (b) [1964 Repl. Vol., formerly Code, § 15-152.3 (b), 1956 Repl. Vol.] in that the City of Richmond failed to furnish any information as to possible future uses of the area to be annexed" and that the court, therefore, did not have jurisdiction to entertain the proceeding.

The final order of the court, entered on March 25, 1966, dismissed

the annexation proceeding and directed that it be stricken from the docket. The City was granted an appeal.

Title 15 of the Code, entitled "Counties, Cities and Towns," was repealed, effective July 1, 1964, at the 1962 session of the General Assembly and reenacted as Title 15.1, likewise effective July 1, 1964. Code, § 15-152.3, around which this controversy revolves, is now Code, § 15.1-1033, in the same language as before. The Code section reads as follows:

*"Ordinance for annexation by city or town.*—The council of any city or town may by an ordinance passed by a recorded affirmative vote of a majority of all the members elected to the council, or to each branch thereof, if there are two, petition the circuit court of the county in which any territory adjacent to such city or town lies, for the annexation of such territory. Such ordinance shall set forth the necessity for or expediency of annexation and shall contain the following detailed information:

"(a) Metes and bounds and size of area sought;

"(b) Information, which may be shown on a map annexed to the ordinance, of the area sought to be annexed, indicating generally subdivisions, industrial areas, farm areas, vacant areas and others, *together with any other information deemed relevant as to possible future uses of property within the area.* If a map is not annexed as part of the ordinance, then such information shall be set forth in the ordinance;

"(c) A general statement of the terms and conditions upon which annexation is sought, and the provisions planned for the future improvement of the annexed territory, including the provision of public utilities and services therein." [Italics supplied.]

The italicized language of the Code section contains the requirement which the City failed to meet and which the trial court held to be jurisdictional.

The majority members of the trial court, in reaching their decision, relied solely upon the case of *Martinsville* v. *County of Henry*, 204 Va. 757, 133 S. E. 2d 287, where this court had under consideration that portion of Code, § 15-152.3 (b) which required a city to furnish information "indicating generally subdivisions, industrial areas, farm areas, vacant areas and others."

The city of Martinsville had failed, in instituting its annexation

proceeding, to set forth in the annexation ordinance or upon the map attached thereto the existing uses of the land in the area sought to be annexed.

The trial court, after hearing argument on a demurrer filed by Henry County, permitted the city to file a new map purporting to show the required information. The county then filed a plea to the jurisdiction of the court, moving to dismiss the proceeding upon the ground that the original map did not comply with Code, § 15-152.3 and on the additional ground that the new map had not been adopted by the council of the city as a part of its annexation ordinance, nor had any copy thereof been served on the county officials and published as required by Code, § 15-152.5.

The trial court sustained the plea of Henry County and dismissed the proceeding. We affirmed, holding that the furnishing of information as to existing uses of land in the area sought to be annexed was a jurisdictional requirement. We said that the failure of the city of Martinsville to provide such information initially could not be corrected by the filing in court of the new map without further legislative action of the council of the city with respect thereto.

But the requirement that existing uses of land be set forth in an annexation ordinance or upon a map attached thereto, which we held to be jurisdictional in the *Martinsville* case, is quite different from a provision that information be furnished as to possible future uses. Existing uses of land are fixed, definite, and known, while the uses to which land might possibly be put at some time in the future must, of necessity, depend upon nothing more than mere opinion or random guesswork. The requirement that information be furnished as to possible future uses is so indefinite that it cannot be construed as jurisdictional.

And the statutory phrase, "deemed relevant," but adds to the uncertainty of an already inexact requirement. Throughout this controversy, the parties to this proceeding have debated the question, "Deemed relevant by whom?" They have finally resolved that question by agreeing that it was the City which was to "deem relevant" the information as to possible future uses of the land sought to be annexed. Doubtless, the debate on the question might be termed a tempest in a teapot. Be that as it may, the phrase, "deemed relevant," as used in the statute, lacks the force of mandate or command.

The groundlessness of the County's position that the requirement in question is jurisdictional is clearly demonstrated by its concession

that all the City need do to comply with the requirement is to say that it does not deem relevant any information as to possible future uses of the land sought to be annexed. That may, in fact, be compliance; but surely the legislature did not intend that requiring the performance of such an empty act should be jurisdictional.

What this brings us to is agreement with the dissenting member of the annexation court. He said of the requirement as to possible future uses that "the provision would seem to me to be permissive or directory rather than mandatory. I know of no instance where such vague and indefinite language has been construed to constitute a mandate."

We hold that the statutory language under consideration did not constitute a mandate and that the City's failure to comply therewith was not a jurisdictional defect. For the error in dismissing the City's annexation proceeding, the final order of the trial court will be reversed, the proceeding reinstated, and the case remanded for further action.

*Reversed and remanded.*