## Richmond

CITY OF CHARLOTTESVILLE V. COUNTY OF ALBEMARLE, ET AL.

November 26, 1973.

Record No. 8208.

Present, All the Justices.

*William R. Cogar (Roger C. Wiley, Jr., City Attorney for the City of Charlottesville; John S. Davenport, III; John S. Barr; Mays, Valentine, Davenport & Moore,* on brief), for plaintiff in error.

*Robert C. Fitzgerald; Robert M. Musselman (Myron C. Smith; George R. St. John, County Attorney for Albemarle County; Charles R. Haugh, Commonwealth's Attorney for Albemarle County; Stephen H. Helvin; Ross W. Krumm; Max C. Kennedy; Fitzgerald & Smith; Haugh & Helvin,* on briefs), for defendants in error.

HARRISON, J., delivered the opinion of the court.

We consider here whether Code § 15.1-1055 bars an annexation proceeding brought by a city within five years of the entry of a final order in another annexation proceeding by the same city which was dismissed because of its failure to comply with the provisions of Code § 15.1-1033.

The City of Charlottesville sought to annex territory from Albemarle County and, after adopting an ordinance for annexation as re-

quired by Code § 15.1-1033, instituted an annexation proceeding by filing on January 8, 1971 its petition for annexation in the court below and giving the required notices. In accordance with the City's petition, service was had, an order of publication was entered and executed, returns of service of publication were made, and this court entered its order appointing the judges who constituted the annexation court. The case was docketed, the County filed its respective pleadings, parties intervened and certain motions and pleas were filed, including a plea to the jurisdiction filed by the County on the ground that the City had failed to comply with Code § 15.1-1033 (a).[1]

Following a hearing the annexation court granted the County's plea to the jurisdiction and entered its final order dismissing the case on January 10, 1972, to which action the City excepted.[2]

Thereafter on February 3, 1972 the City Council of Charlottesville adopted another annexation ordinance and again sought to annex territory from Albemarle County by filing on February 7, 1972 its second petition for annexation, thereby instituting the proceeding now under review. This ordinance and the required notices were served on the appropriate county officials and duly published. A special three-judge court was again constituted and various motions of the County and intervenors were filed in opposition to the City's petition. The County filed its plea to the jurisdiction, asserting that the annexation proceeding was barred by Code § 15.1-1055 in that five years had not passed since the entry of a final order in the annexation case filed by the City on January 8, 1971. On October 26, 1972 the annexation court sustained the County's plea to the jurisdiction and held the instant proceedings barred by Code § 15.1-1055. The court overruled all other pleas and motions of the County and of the intervenors. In view of our decision we consider only the trial court's ruling that this proceeding is barred by Code § 15.1-1055 which provides, in pertinent part, as follows:

"No city or town, having instituted proceedings to annex territory of a county, shall again seek to annex territory of such county within the five years next succeeding the entry of the final order

---

[1] Code § 15.1-1033 provides in part as follows:

" . . . Such ordinance shall set forth the necessity for or expediency of annexation and shall contain the following detailed information:

"(a) Metes and bounds and size of area sought;"

[2] The City filed its notice of appeal and assignment of error to the final order, but subsequently abandoned the appeal.

in any annexation proceedings under this article or previous acts except by mutual agreement of the governing bodies affected, in which case the city or town moving to dismiss the proceedings before a hearing on its merits may file a new petition five years after the filing of the petition in the prior suit. Nor shall any county be made defendant in any annexation proceeding brought by any city, except by consent of the county governing body, more frequently than once in any five-year period following the conclusion of any annexation proceeding instituted against it by any city; . . ."

In *Mowry* v. *City of Virginia Beach*, 198 Va. 205, 209, 93 S. E. 2d 323, 326 (1956), we said: "The language of § 15-152.25 [now § 15.1-1055] is free and clear of ambiguity or obscurity." In *Portsmouth* v. *Chesapeake*, 205 Va. 259, 269, 136 S. E. 2d 817, 825 (1964), we said: "[W]here the language of a statute is free from ambiguity, its plain meaning is to be accepted without resort to the rules of interpretation. In that situation, we take the words as written and a resort to extrinsic facts to determine their meaning is not permitted."

In this case we must determine whether Charlottesville twice "instituted" annexation proceedings "seeking" territory from Albemarle County within a five-year period. The word "institute" is defined in *Black's Law Dictionary* 940 (4th ed. 1951) as "[t]o inaugurate or commence; as to institute an action . . . ." Among the definitions of "institute" found in *Webster's Third New International Dictionary* 1171 (1966) are "to originate and get established: set up: cause to come into existence: . . . to set on foot: INAUGURATE, INITIATE". Among the definitions of "seek" found in *Webster's*, p. 2055 are: "to go in search of: look for: search for: . . . to try to acquire or gain: aim at: . . . to make an attempt."

Rule 2:2 and Rule 3:3 of Rules of Court provide that a suit in equity and an action at law are "instituted" and pending when a bill of complaint or motion for judgment is filed in the clerk's office. In *Scott* v. *Nance, Adm'r*, 202 Va. 355, 360-61, 117 S. E. 2d 279, 282-83 (1960), we held:

"The first motion for judgment in this case was an abortive proceeding; but it is clear that it was, nevertheless, an action as defined by Rule of Court 3:3: '(a) *Commencement of Action.* An action shall be commenced by filing in the clerk's office a motion for judgment and by paying the required writ tax and deposit against costs.

The action is then instituted and pending as to all parties defendant thereto.'

"We hold that the motion for judgment filed by J. C. Nance, administrator of the estate of Melvin R. Hamlett, on December 23, 1958, and dismissed without determining the merits of the motion, was such an action as tolled the statute of limitations under the provisions of Code § 8-634. . . ."

In *Henrico* v. *City of Richmond*, 177 Va. 754, 15 S. E. 2d 309 (1941) we made reference to the "notices" that were required where an annexation proceeding had been "instituted" and distinguished between the institution of a proceeding and the "original planning and proposal" incident to such a proceeding. We further noted that an ordinance with respect to annexation may be repealed or disregarded and no proceeding ever "instituted" thereon.

It is clear that within the meaning of Code § 15.1-1055 the City instituted an annexation proceeding when it filed its petition on January 8, 1971, and when it complied with Code § 15.1-1035 which provides, in part, that "[i]n any annexation proceeding instituted by it the city . . . shall give notice to the Commonwealth's attorney. . .". The record shows that the City took the necessary steps required by the statute, submitted proof thereof and caused the matter to be docketed for hearing. It did all that the statute required for an annexation proceeding to be instituted.

After its first annexation proceeding was dismissed on January 10, 1972, the City did "again seek to annex territory" from the County and instituted a proceeding when it adopted another annexation ordinance and filed its second petition for annexation.

The City argues that the adoption of an ordinance substantially complying with Code § 15.1-1033 is jurisdictional to the institution of an annexation proceeding and cites *Portsmouth* v. *Chesapeake, supra; Portsmouth* v. *Norfolk County*, 198 Va. 247, 93 S. E. 2d 296 (1956).

The City maintains that its first annexation ordinance, which was the basis of its January 8, 1971 annexation suit, was a void ordinance in that the court held that it failed to comply with Code § 15.1-1033 (a). It argues that since the adoption of a proper ordinance is "the first and prerequisite step in the proceeding", citing *Martinsville* v. *County of Henry*, 204 Va. 757, 761, 133 S. E. 2d 287, 289 (1963), its failure to observe the mandatory statutory conditions rendered the

proceeding a nullity. Consequently, the City contends the first annexation court never acquired jurisdiction and the legal situation should be the same as though its first annexation proceeding had never been filed.

In *Murray* v. *Roanoke*, 192 Va. 321, 327, 64 S. E. 2d 804, 808 (1951), we considered the meaning of jurisdiction as used in Code § 15.1-141 and said:

> "The question involved arises in the confusion of the meaning of the word 'jurisdiction,' employed in the statutes. 'Jurisdiction,' as applied to judicial proceedings, broadly means the power, right, or authority in the courts to hear, determine, and enforce the law in cases, causes or controversies. It is the power to try and declare the law. It is the authority by which judicial officers take cognizance of, and apply and enforce the law as distinguished from the power to enact law. [Citing authorities.]"

In *Squire* v. *Commonwealth*, 214 Va. 260, 199 S. E. 2d 534 (1973), we said that we were considering "jurisdiction as applied to judicial proceedings—the power, right and authority of a municipal court in Charlottesville to try the defendant". In the instant case the three-judge court appointed to hear Charlottesville's annexation proceeding filed in January, 1971 was duly constituted. It had jurisdiction of the subject matter and of the parties, and it functioned. It could have proceeded to final judgment had Charlottesville's ordinance been in compliance with Code § 15.1-1033. Annexation is a statutory proceeding, and the annexation court could not consider the case further after it determined that the City had not complied with a mandatory statutory requirement prerequisite to annexation. The County interposed and successfully pleaded the City's failure to comply with the statute, and therefore the annexation court could not proceed with the case upon the ordinance and pleading before it. To that extent it necessarily relinquished "jurisdiction", meaning that because of the posture of the case it could not continue to an adjudication of its merits. However, the court had exercised its jurisdiction and entered an order adjudicating the rights of the parties on the pleadings and issues then before the court.

If the City is correct in its position that an annexation proceeding based on an invalid ordinance is void and a complete nullity, there would be no stability or finality to any uncontested annexation or to

any annexation in which the validity of the annexation ordinance had not been challenged and approved by this court. Without and until such approval any annexation decreed would be subject to attack either directly or collaterally.

In its brief the City suggests that Code § 15.1-1046 "bears indirectly upon the issue presented in this appeal". This section provides:

> **"Proceedings not to fail for technical or procedural defects or errors.**—No proceedings brought under this chapter shall fail because of a defect, imperfection or omission in the pleadings which does not affect the substantial rights of the parties or any other technical or procedural defect, imperfection or error, but the court shall at any time allow amendment of the pleadings or make any other order necessary to insure the hearing of the case on its merits. . . ."

The effect of this section of the Code is to provide that where there is a technical or procedural defect in the notice, pleadings or trial, the trial court should in its ruling, before dismissing the case, give the party in default an opportunity to amend or correct the imperfection. However, in the present case the defect was not a procedural defect in the notice, pleading or trial; it was a defect in the annexation ordinance itself, that is, in the legislative act of the city council. It was a vital defect in that it concerned the metes and bounds and size of the area sought by the City from the County, the very heart of any annexation proceeding. See *Portsmouth* v. *Norfolk County, supra,* and *Martinsville* v. *County of Henry, supra.*

It is our conclusion that Code § 15.1-1055 was obviously designed to protect the counties from repeated attempts by adjacent cities or towns to annex territories of the counties and to relieve them of the burden of defending a rapid succession of annexation suits. *Mowry* v. *City of Virginia Beach, supra.* It is a matter of common knowledge that annexation suits are controversial, involved, time consuming, expensive and disrupting for the cities and counties involved. Immediately upon the institution of such a proceeding extensive costs are incurred for attorneys, expert witnesses, surveys and preparations generally for trial. A considerable portion of the expense and cost involved in annexation is incurred whether or not the proceeding continues to a hearing and disposition on its merits.

It was with this knowledge that the General Assembly enacted the

statute under consideration. Its intent can also be gathered from another provision in the statute which says that even in a case which is dismissed on a motion by the city before a hearing on the merits and with the concurrence of the governing bodies affected, the city is prohibited from filing another suit for five years from the filing of the petition in the prior suit. Further, under the statute no county shall be made a defendant in an annexation proceeding brought by any city, except by consent of the county governing body, more frequently than once in any five-year period following the conclusion of any annexation proceeding instituted against it by any city.

Had the Legislature intended the enactment of a valid annexation ordinance a necessary prerequisite to confer jurisdiction on an annexation court over the parties and subject matter in an annexation proceeding, or had the Legislature intended that the five-year prohibition apply only after a trial on the merits, such language could have easily been included in the statute in lieu of its present provisions. Since the General Assembly of Virginia did not see fit to do this, we can neither enlarge upon the statute nor write into it words that are not included.

The final order of the court below is

*Affirmed.*