## Richmond

### CITY OF RADFORD v. COUNTY OF MONTGOMERY AND COUNTY OF PULASKI.

January 14, 1977.

Record No. 760064.

Present, Carrico, Harrison, Cochran, Poff and Compton, JJ.

*John B. Spiers, Jr. (W. H. Jolly, on brief), for appellant.*

*Robert C. Fitzgerald; James W. Jennings, Jr. (Myron C. Smith; William J. McGhee, County Attorney; A. Dow Owens, Commonwealth's Attorney; John L. Walker, Jr.; Fitzgerald and Smith; Woods, Rogers, Muse, Walker & Thornton, on briefs), for appellees.*

COMPTON, J., delivered the opinion of the court.

The outcome of this annexation case turns on the sufficiency of a map, which was included as a part of the annexation

ordinance under Code § 15.1-1033(b).[1] The map purported to show existing land uses in the area sought to be annexed.

On November 12, 1974, appellant City of Radford filed a notice of motion in the court below seeking to annex area in Montgomery County and Pulaski County. With the notice was filed a certified copy of the annexation ordinance, passed the day before by the Council of Radford, which set forth the necessity for and expediency of annexation. Attached and made a part of the ordinance was the map in question, which showed the land to be annexed and, according to the ordinance, ". . . generally indicate[d] the various land usage of [such] areas. . . ." The City relied entirely on the map to describe existing land uses in the territory sought, as permitted by Code § 15.1-1033(b), no attempt having been made to set them forth in the body of the ordinance.

Following service of process and publication of the notice and ordinance, Code § 15.1-1035, the proceeding was docketed for hearing. The three-judge trial court was duly designated, Code § 15.1-1038, and, on May 19, 1975, it heard and took under advisement the counties' respective motions to dismiss and pleas to the jurisdiction, which had been filed during the course of the proceeding. The counties asserted, *inter alia*, that the court lacked jurisdiction because the ordinance, and the map, failed to set forth the existing land uses and failed to indicate "generally subdivisions, industrial areas, farm areas, vacant areas and others", as required by § 15.1-1033(b).

---

[1] "**§ 15.1-1033. Ordinance for annexation by city or town.** — The council of any city or town may by an ordinance passed by a recorded affirmative vote of a majority of all the members elected to the council, or to each branch thereof, if there are two, petition the circuit court of the county in which any territory adjacent to such city or town lies, for the annexation of such territory. Such ordinance shall set forth the necessity for or expediency of annexation and shall contain the following detailed information:

"(a) Metes and bounds and size of area sought;

"(b) Information, which may be shown on a map annexed to the ordinance, of the area sought to be annexed, indicating generally subdivisions, industrial areas, vacant areas and others, together with any other information deemed relevant as to possible future uses of property within the area. If a map is not annexed as part of the ordinance, then such information shall be set forth in the ordinance;

"(c) A general statement of the terms and conditions upon which annexation is sought, and the provisions planned for the future improvement of the annexed territory, including the provision of public utilities and services therein."

Subsequent to the hearing, the City filed on July 9, 1975, a "Tender and Motion" to which was attached a certified copy of another ordinance adopted by its Council on July 2, 1975. In this motion, the City denied the original map filed with the initial pleading was "in any way deficient for the purposes contemplated by Section 15.1-1033," but asked leave to "file an additional map ... as additional pleadings herein", relying on Code § 15.1-1046.[2] The July ordinance "adopted for annexation purposes [the] additional map" and authorized its filing as "an exhibit in said annexation proceedings, ... for the sole purpose of providing specificity to the general uses of land in the area sought for annexation already shown on the map previously annexed to" the November 1974 ordinance.

By written opinion dated September 3, 1975, the annexation court unanimously decided the original map was insufficient and sustained the counties' pleas to the jurisdiction. It also ruled it had no power to consider the July "Tender and Motion". Accordingly, by final order of September 22, 1975, the proceeding was dismissed because the "Ordinance of Annexation herein of the City of Radford does not comply with the mandatory requirements of § 15.1-1033...." From this order, we awarded Radford an appeal.

The City contends the November 1974 ordinance and map as originally filed provided the information required by § 15.1-1033 and, therefore, the trial court erred in dismissing the proceeding. Radford also contends, in the alternative, that even if the original map was deficient, nevertheless, the trial court erred in refusing to consider and grant the July "Tender and Motion" and in refusing to receive and file the second map which, it says, "sufficiently provided" the information required by the statute. We do not agree with either of these contentions. The decision of both of the foregoing issues, as the trial court noted, is controlled

---

[2] "§ 15.1-1046. **Proceedings not to fail for technical or procedural defects or errors.** — No proceedings brought under this chapter shall fail because of a defect, imperfection or omission in the pleadings which does not affect the substantial rights of the parties or any other technical or procedural defect, imperfection or error, but the court shall at any time allow amendment of the pleadings or make any other order necessary to insure the hearing of the case on its merits."

by the principles enunciated in *Martinsville* v. *County of Henry*, 204 Va. 757, 133 S.E.2d 287 (1962),[3] and we affirm.

With respect to the City's first contention, we held in *Martinsville* that while substantial compliance will satisfy the requirements of § 15.1-1033, a failure to so comply is jurisdictional. 204 Va. at 760-61, 133 S.E.2d at 289. In that case, the City's map purported to show "Existing Land Use and Proposed Annexation Areas", but it actually demonstrated only proposed uses. In deciding the map was insufficient, we said:

> "Neither the ordinance nor the attached map supplies the 'detailed information' required by the statute. The legend on the map does not pretend to show the existing uses of the area sought to be annexed, the subdivisions, industrial areas, farm areas, or vacant areas." *Id.*

In this case, it is true, as Radford argues in an effort to persuade us *Martinsville* does not control, there was no Martinsville-type affirmative erroneous effort made on the face of the map to depict *proposed* uses. Rather, the City endeavored, as demonstrated by the language of the original ordinance, *supra*, to show on the map *existing* uses of the area to be annexed. But the attempt was unsuccessful. The statute requires "detailed information" as to existing land use and permits the dimensions of the areas devoted to a particular use to be indicated "generally." Note 1, *supra*. Radford's initial map fails to substantially comply with that criteria.

The map shows on its face it was prepared by a consulting engineer and based on "U.S. Geological Survey Mapping." There is no explanatory list of symbols, only words or abbreviations found beside some of the small dots, small squares, and other undefined marks appearing on the map. Most of the map is unmarked, except for contour lines. When unmarked, it cannot be assumed the land was "vacant" any more than it can be assumed the land was used as "farm area." Also, many of the markings which do appear are vague and indefinite. For example, in the area of Montgomery County sought, written on the map beside the dots and squares are words such as "water

---

[3] The map ruled deficient in *Martinsville* was exhibited to the court below in this case and a copy thereof is a part of this record on appeal.

tank", "gravel pit", "Rock Road Cem.", "Old Brick Ch.", and "Trailer Park." Even if we assume such designations are sufficient to connote the use to which the land in that specific location was put, they are inadequate to describe "generally" the dimensions of the area devoted to such uses.

Moreover, the names of various individuals are shown within outlined areas, presumably to indicate the owners of parcels of real estate. Yet, one must speculate upon the use to which the respective owners were putting the land. This is illustrated by the designation of one such parcel as "H. W. Huff Farm"; the record shows this was not a farm area at all, but a residential subdivision.

Additionally, in the area of Pulaski County sought, the only reference to use is "St. Albans Hospital." But an examination of the map fails to reveal the area in which hospital activities were conducted; the record shows there were residential and agricultural uses in that same area.

We now address the reason for our rejection of the City's alternative contention. The City, by its July "Tender and Motion", made an attempt, under the guise of correcting a procedural defect, to cure a flaw in the annexation ordinance itself. But § 15.1-1046, note 2 *supra*, relied on by the City, only authorizes the trial court to permit amendment because of a defect, imperfection or omission in the notice, pleadings or trial. *Portsmouth* v. *County of Norfolk*, 198 Va. 247, 252, 93 S.E.2d 296, 301 (1956). Radford's map deficiency, however, was not in the notice, pleadings or trial, but in the annexation ordinance, a legislative act of the City Council. And the annexation statutes do not expressly provide for amendment of such ordinance after the suit is filed. Consequently, this being a purely statutory proceeding, the trial court lacked the authority under § 15.1-1046 to permit the City to effect indirectly by amendment of pleadings that which its Council was not empowered to accomplish directly by legislative action. *See Martinsville, supra,* 204 Va. at 762, 133 S.E.2d at 290.

For these reasons, the judgment of the trial court will be

*Affirmed.*