## Richmond

CHARLES A. MOWRY, FIELDING F. JETER AND J. W. MUSICK, ETC. v.
CITY OF VIRGINIA BEACH, ETC., ET AL.

June 18, 1956.

Record No. 4549.

Present, All the Justices.

The opinion states the case.

*Eastwood D. Herbert* (*Herbert & Bohannon,* on brief), for the appellants.

*William L. Parker* (*P. W. Ackiss, Jr.,* on brief), for the appellees.

SPRATLEY, J., delivered the opinion of the court.

This is a proceeding instituted on August 24, 1954, under Code, § 15-152.4* by Charles A. Mowry, Fielding F. Jeter and J. W. Musick on behalf of themselves and others similarly situated, constituting more than 51% of the qualified voters in an area of Princess Anne County adjacent to the City of Virginia Beach, known as North Virginia Beach, seeking its annexation to the City of Virginia Beach. The petition set forth the metes, bounds and size of the territory sought to be annexed, detailed description and information concerning same, the reasons why such annexation was deemed desirable and expedient, and the terms and conditions upon which the annexation was sought. Code, § 15-152.3. It was prayed that the City of Virginia Beach be required to answer the petition.

The procedure appears to have been regular: a copy of the petition was served upon the City Council of the City of Virginia Beach, and upon the Commonwealth Attorney, and Board of Supervisors of Princess Anne County, and an attested copy duly published. Code, § 15-152.5.

In response to a condition of the petition that, precedent to any action thereon, the City of Virginia Beach adopt an ordinance "declaring the will of the City to accept said territory upon the same terms and conditions as were set forth in a certain ordinance adopted December 20, 1951, and incorporated into the record of the recent case of *City of Virginia Beach* v. *County of Princess Anne*," the City filed its answer on September 29, 1954, setting out that it had, on September 27, 1954, adopted an ordinance, which recited that it "desires" to annex the territory involved upon the terms and conditions specified in the ordinance of December 20, 1951.

The special court duly constituted to hear and determine this proceeding convened on December 24, 1954. On that day the County of Princess Anne was, by motion of its counsel, made a party defend-

---

"§ 15-152.4. Petition by voters of adjacent territory, or governing body of adjacent county or town, for annexation.—Whenever fifty-one per centum of the qualified voters of any territory adjacent to any city or town, or the governing body of the county in which such territory is located, or of the town comprising such territory shall petition the circuit court of the county, stating that it is desirable that such territory be annexed to the city or town and setting forth the metes and bounds thereof, a copy of such petition shall be served on the city or town council, and published in the manner prescribed in § 15-152.5, and the case shall, except as otherwise provided in this chapter, proceed in all respects as though instituted in the manner prescribed in § 15-152.3. (1952, c. 328.)"

ant and given leave to file its special plea or pleas. Thereupon, the County filed its special plea which set out that the proceeding was barred (1) under Code, § 15-152.25, since it was instituted within five years after a final decree had been entered on August 31, 1953, after a hearing on the merits, in a proceeding brought by the City of Virginia Beach against Princess Anne County to annex territory which included that embraced in the present proceeding, and (2) under the doctrine of *res judicata,* because the issues involved had been adjudicated in the former annexation proceedings concluded in 1953.

Filed as exhibits with the special plea are the final order of the Circuit Court of Princess Anne County, entered on September 12, 1953, in the case of *Virginia Beach, an incorporated Town* v. *County of Princess Anne,* denying the petition for annexation of the area therein involved, and the opinion of the court upon which that order was based.

On August 26, 1955, the court rejected the motion of petitioners to strike the special plea, entered an order sustaining the plea, and dismissed the petition. Petitioners duly excepted and we granted appeal.

The order of dismissal does not show the ground upon which the dismissal was based, and no opinion of the court was filed. We must, therefore, determine whether either of the grounds of the special plea was sufficient to justify the dismissal of the case.

We shall first determine whether this proceeding was barred because it was instituted within five years next succeeding a final order in the annexation proceeding above mentioned.

A short review of the history of our present annexation statutes will be informative. On October 13, 1951, after an exhaustive study and consideration of the history, development and effect of the annexation of territory by municipalities, the Virginia "Commission to Study Urban Growth" made a written report to the Governor and the General Assembly of Virginia. (House Document No. 13, 1951) After discussing annexation problems, the Commission made a number of recommendations, accompanied by a detailed statement of the reasons therefor. It then listed, among others, the following pertinent recommendations:

(1) That, if in any proceeding instituted by a *city,* the *city* deems the terms and conditions imposed by the court for annexation unduly burdensome, *such city* may decline to accept the annexation decree, in which event it must reimburse the county for costs incurred by it in defending the suit. (Italics added.)

(2) That, "in view of the fact that annexation proceedings may be now instituted by citizens of the affected area, * * * the right to decline annexation should be limited to those cases in which the *municipality* itself instigates the proceedings." (Italics added.)

(3) That, "Under the present law, if a *city* or *town* is unsuccessful in a suit for certain territory, it cannot again seek any portion of that territory for a period of three years. (Virginia Code, 1950, § 15-140, now repealed) It can, however, try to annex other territory in the county whether or not it has prevailed in a similar case within this time. Thus a *municipality* could constantly nibble at the county and by seeking small parcels of land force the county into a continual process of defending annexation suits." (Italics added.)

(4) That, in view of the effect upon the future of a city or town and the result to the county from an annexation proceeding, "no *city* or *town*, having once brought annexation proceedings against a county, shall again be permitted to seek territory for a five-year period." (Italics added.)

After the filing of the above report, the General Assembly in 1952, (Acts 1952, Chapter 328, pages 627, *et seq.*) repealed the annexation statutes then in effect, Code §§ 15-125 to 15-152.1, and enacted in their place the provisions now in effect, Chapter 8, Article 1, §§ 15-152.2 to 15-152.28, inclusive.

Code § 15-152.3 provides how a city or town may proceed for the annexation of territory. The next section 15-152.4 provides, as we have seen, how 51% of the qualified voters of any territory adjacent to any city or town, or the governing body of the county in which such territory is located, or the town comprising such territory, may proceed for the annexation of such territory to a city or town. Code § 15-152.5 provides how, in any annexation proceedings instituted by a city or town, notice shall be given, and the procedure thereafter. Code § 15-152.14 provides that a city or town may decline to accept annexation on the terms and conditions prescribed by the court, and that in such case it shall reimburse the county for costs incurred in defending the suit.

The pertinent portion of § 15-152.25, the particular section here involved, provides that:

"No city or town, having instituted proceedings to annex territory of a county, shall again seek to annex territory of such county within the five years next succeeding the entry of the final order in any annexation proceedings under this article or previous acts except by

mutual agreement of the governing bodies affected, in which case the city or town moving to dismiss the proceedings before a hearing on its merits may file a new petition five years after the filing of the petition in the prior suit."

It is clear from a reading of the report of the "Commission to Study Urban Growth," and the newly enacted statutes, that proceedings for annexation by cities and towns and proceedings by citizens of an area desiring to be annexed to a city were considered and treated as separate and distinct actions, both as to method of instituting the proceeding and as to duties and obligations of the respective litigants. Annexation proceedings may be instituted by either of the two separate and distinct classes of petitioners. Once they have been instituted and the preliminary steps taken, the procedure thereafter by either class of petitioners is uniform, (§ 15-152.5) except as otherwise provided, (§ 15-152.4); but the respective rights, duties and obligations of the parties remain as set out in the annexation statutes read as a whole.

The language of § 15-152.25 is free and clear of ambiguity or obscurity. The limitation therein is expressly confined to cities and towns. There is no language implying that it refers to or includes a proceeding instituted by citizens. The tenor of all of the sections of Article 1, Chapter 8, relating to annexation is in conformity therewith. We cannot enlarge upon the statute, nor write into it words not included by the legislature.

Had the legislature desired to extend the bar against annexation proceedings, no matter by whom brought, it could readily have made the Act read:

"No county shall be subject to more than one annexation proceeding by any city, town or qualified citizens to annex its territory to a city or town within five years next succeeding the entry of a final order in any annexation proceeding * * *."

We think it is clear that the language of § 15-152.25 does not embrace, and was not intended to embrace, proceedings instituted by citizens under Code § 15-152.4. The City of Virginia Beach did not institute this suit. It did not "seek" to annex the territory involved. It was made a party defendant at the request of the petitioners and by order of the court. The petitioners, citizens of Princess Anne County, did the "seeking" and the City merely expressed its willingness and desire to accept annexation upon the terms and condi-

tions specified. Moreover, the City did not join in the petition for this appeal.

It is generally held that statutes of limitation ordinarily are favored and are entitled to a reasonable construction; but they may not be applied to cases not clearly within their provisions. Their determination is not governed by equitable questions but by the language of the statute construed according to the manifest intention of the legislature, and, when free from ambiguity should be construed according to the usual meaning of the words and as a whole. 53 C. J. S., Limitations of Actions, § 3 b, page 910; and 34 Am. Jur., Limitations of Actions, § 37, page 40.

The General Assembly was apparently not worried about the type of annexation such as this proceeding presents. Only one case, *Nexsen* v. *Board of Supervisors*, 142 Va. 313, 128 S. E. 570, has reached this Court involving a statute, (§ 2956, Code of 1919) similar to § 15-152.4.

In that case the court emphasized the right of qualified voters to have the case decided upon its merits. 142 Va. page 322.

The next contention of the County of Princess Anne is that the proceeding is barred under the doctrine of *res judicata*. This contention is based upon the ground that petitioners were represented in the annexation suit concluded in 1953, by an agency, the County of Princess Anne, authorized to speak for them, and that the judgment in that case bound them. In support they cite and rely upon the case of *Hixson* v. *Kansas City*, 361 Mo. 1211, 239 S. W. 2d 341.

Neither the parties nor the proceedings in the cited case are analogous to those here. There the petitioners sought a declaratory judgment to determine the legality of the refusal of Kansas City to submit a proposed amendment to its charter providing for a reduction of its territorial boundaries, that is, the exclusion of a portion of territory that had been annexed to the City in a proceeding which had become final about one year before. It was held by a divided court that petitioners were "privies" to the former proceeding and were bound by the final judgment therein. Moreover, evidence was heard, and it was ruled that no substantial or material changes in condition had occurred since the date of the final judgment in the former case.

In this case no attack has been made upon the decision in the annexation case of 1953. Here, petitioners contend that substantial changes have taken place in the area involved and that different issues are presented.

The doctrine of *res judicata* is a rule of law based on public policy and is firmly established in this jurisdiction.

In *Ward* v. *Charlton*, 177 Va. 101, 115, 12 S. E. 2d 791, we quoted with approval:

"It (*res judicata*) 'proceeds upon the principle that one person shall not the second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon the merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit.' "

In applying the doctrine there must be concurrence of four things:

"(1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. The doctrine of res adjudicata does not prevent a re-examination of the same question between the same parties when, subsequent to the judgment, facts have arisen which may alter the rights of the litigants." 8 M. J., Former Adjudication or Res Adjudicata, § 2, page 577; *Atlantic Coast Line R. R. Co.* v. *Com.*, 191 Va. 241, 255, 61 S. E. 2d 5; *Huntington Brick etc. Co.* v. *Public Service Comm.*, 107 W. Va. 569, 149 S.E. 677.

It is true that the territory described in this suit is a part of that described in the former suit; but that makes it apparent that a different test of the ability of the City to fulfil its financial obligations is incidental to the difference in areas. The identity and quality of the parties are not the same in this case as in the former proceeding. In the former case, the City was the plaintiff and bore the burden of proving its case by a preponderance of the evidence. Here, the City is the defendant, and the burden is on the petitioners to show the necessity and expediency of the annexation asked for, considering the best interests of the County, the City, and the needs of the area proposed to be annexed. In the former case, the City could have rejected annexation, if it deemed the terms decreed by the court unduly burdensome; but in this proceeding the City does not have that right.

The General Assembly manifestly appreciated the burden placed upon a county in the defense of a rapid succession of annexation suits. To protect a county from such proceedings, instituted by cities or towns, it enacted § 15-152.25, since changed conditions and requirements in an area sought to be annexed might present new facts, arisen

subsequent to a former judgment between the same parties, depriving counties of the right to plead *res judicata* in a later proceeding for annexation.

In this case the annexation court sustained the special plea without hearing evidence as to whether there had been any substantial or material change in conditions. Two years had elapsed subsequent to the hearing of the former case. The City of Virginia Beach had, at that time, only recently become a city of the second class. In its transition from a town to a city, it had not had the time and opportunity to demonstrate its fitness and ability to assume the obligations of annexation.

Our annexation statutes give the court ample authority to act for the best interest of all the parties, and to render full justice on the merits of the proceeding. If it appears from evidence that there has been no material or substantial change in conditions since the decree in a former proceeding denying annexation, the court may be guided by the reasons given by the former court. If, however, it appears that by reason of material and substantial changes annexation is necessary and expedient, considering the interest of all the parties involved, then the court will doubtlessly act accordingly.

For the reasons stated, we hold that the court erred in sustaining the special plea of the County of Princess Anne, and dismissing the case. The judgment is reversed, and the case is remanded with direction that the proceedings be reinstated and a hearing held on the merits, in accordance with applicable laws. The petitioners having substantially prevailed on this appeal, the costs in this Court shall be paid by the County of Princess Anne.

*Reversed and remanded.*