## CIRCUIT COURT OF WARREN COUNTY

Jennings

v.

Pomeroy

June 25, 1986

Case No. (Law) L85007627

By JUDGE HENRY H. WHITING

The Court must decide whether a buyer is barred from prosecution of his action for damages for the seller's breach of a non-competition agreement embodied in a sales contract of a business where he has already lost a previous suit in equity seeking to enforce that same covenant by enjoining its violation by the seller because the Court held the covenant to be unenforceable, it providing no limitation of time for its enforceability. That decision was not appealed and is final.

The buyer contends that the broad principles of *res judicata* should not apply for the reasons which will be disposed of as asserted.

(1) The issue of damages for breach of the contract had not been litigated in the injunction suit and therefore could not be subject to the preclusive effect of *res judicata*.

The fatal flaw in this argument is that both the right to enjoin the violation of the covenant and the right to recover damages for breach of the same covenant depend upon its validity. The previous equity suit was a judgment upon the merits of its enforceability and

constituted a decision in favor of the seller on the same cause of action being asserted in this claim and therefore establish the defense of *res judicata*-bar. *Bates v. Devers,* 214 Va. 667, 670 (1974). *Gordon v. Fairfax County,* 207 Va. 827 (1967), cited by the buyer, is inapplicable. There a county had successfully enjoined property owners from interfering with their preliminary surveys prior to a condemnation proceeding. One of the defenses in the injunction suit was that the condemning authority had no money to pay damages because the Board of Supervisors had no power to lend the money to the authority and that same assertion was made in the subsequent action by the same parties as taxpayers contesting the right of the Board of Supervisors to loan the money to the condemning authority. The Court declined to apply the defense of *res judicata* because:

> Not only was the issue of the Authority's financial ability not decided by the court, but the landowners could not defend on the ground that the Authority might have no money to pay for the land taken or that it would incur an indebtedness beyond its ability to pay. *Gordon* at 832.

In contrast the central issue in the prior equity case was the validity of the restrictive covenant, the central issue in this subsequent action at law as well.

(2) *Res Judicata*-bar would not apply to facts which have arisen since the prior decision.

There are a number of difficulties with this contention:

(a) *Mowry v. City of Virginia Beach,* 198 Va. 205 (1956), cited by the buyer, was an annexation suit in which it was contended that since a previous annexation suit brought by the county had been decided adversely to it, that bound property owners in the proposed annexed area and precluding them from filing a later annexation suit based upon a change of condition in the area since the decision was rendered in the earlier annexation suit. Apart from a lack of identity of parties the Court held that:

38

> The doctrine of *res judicata* does not prevent a re-examination of the same question between the same parties when, subsequent to the judgment, facts have arisen which may alter the rights of litigants. . . Changed conditions and requirements in an area sought to be annexed might present new facts, arisen subsequent to a former judgment between the same parties [and if] it appears that by reason of material and substantial changes annexation is necessary and expedient [the court should hear the matter]. *Id.*, at 211-212.

The buyer contends that the damages were suffered after the injunction was denied, but as the Court has already pointed out in this letter both the injunction and damages have as their necessary predicate the enforceability of the covenant. Nor have new facts arisen which change the effect of the Court's ruling, as in *Mowry.* It is true that buyer has asserted an additional ground attacking the original reason for the ruling, the alleged differentiation between a covenant involving a former employee and a covenant of a seller of a business, but that is a matter of law, which has not been changed and could have been argued at the time of the original ruling upon the injunction.

(b) The buyer now alleges that the same law firm represented both him and the seller in drawing the contract; in the former suit the claim was that the law firm represented the seller only, requiring a strict construction of the covenant against the seller. Again, this was a fact in existence at the time of the original argument and there is no reason why that fact could not have been asserted at that time.

(3) The Court should refuse to apply the doctrine of *res judicata*-bar because of public policy considerations in scrutinizing and controlling the attorney-client relation.

Footnote 2 of *Bates v. Devers* at page 670 is cited, which cites *Spilker v. Hankin*, 188 F.2d 35 (D.C. Cir. 1951), in support of that principle. That case involved a contest between an attorney and his client over the validity of notes the attorney had extracted from the client payable

to the attorney for fees during the course of his representation and overriding public policy reasons for permitted the client to re-litigate the misrepresentations and over-reaching involved in her execution and delivery of the notes to the attorney. This case does not involve a contest between a client and an attorney; it involves a contest between two alleged clients of one attorney in which one client says the attorney made a mistake and seeks redress for that mistake against the other client. If the disappointed client has a remedy, that remedy is against the attorney alone and not in re-litigating an issue already decided between the disappointed client and the other party to the contract.

For the reasons assigned the plea of *res judicata* is sustained.