## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Raymond C. Pugh

v.

Gladys E. Minter, Adm'x

September 18, 1990

Case No. (Chancery) 6983

By JUDGE JAY T. SWETT

This matter is before me on a plea of *res judicata* filed on behalf of the defendant. It has been argued, briefed, and is ready for decision.

The facts necessary to decide defendant's plea are not in dispute. Plaintiff Raymond C. Pugh (hereinafter "Pugh") filed an action under Virginia § 26-34 and seeks to surcharge Gladys E. Minter as Administratrix of the Estate of Frances Pugh Meeks, in the amount of $6,682.52. The claim against the Administratrix is based upon three specific items included in the final report filed by the Commissioner of Accounts on May 30, 1989. More specifically, Pugh seeks a surcharge for fees paid to the Administratrix in the amount of $2,437.88, interest on a bill to Teague Funeral Home in the amount of $1,676.64, and the costs of a suit brought in the Circuit Court of Nelson County in the amount of $2,768.00. As an alternative to a surcharge based on the administration fees, Pugh seeks a surcharge of certain attorney fees paid to the estate's attorney in the amount of $2,334.00.

The defendant's plea of *res judicata* is based upon prior litigation in the Circuit Court of Nelson County. In that action, the defendant here, Gladys E. Minter, as Administratrix, brought an action to have certain

property in Nelson County sold to pay certain debts of the estate.

The Nelson County action was filed on July 18, 1986. Named as defendants were Raymond C. Pugh, the plaintiff in this action, Mr. Pugh's wife, Virginia T. Pugh, two trustees, and a lender which held a deed of trust on the property. Pugh was named in the Nelson County Action as he owned an undivided one-half interest in the property. A deed of trust had been placed on the property by Pugh after the death of Frances Pugh Meeks.

The complaint filed in Nelson County alleged that there were no other assets of the estate to satisfy debts except for the Nelson County property. The complaint alleged that Pugh had wrongfully placed a lien on the property. The relief requested was that the property be sold free of the lien. There was a request that a special commissioner sell the property and that the debts of the decedent be paid from the proceeds. The complaint also requested that the estate be reimbursed the costs of the suit, including reasonable attorney fees.

Pugh filed an answer to the complaint. The attorney who represented Pugh in that action is the attorney representing him in this action. In his answer, Pugh admitted certain allegations. As to others, he and the co-defendants alleged that they did not have sufficient information to admit or deny those allegations, and as to each of those allegations, called for "strict proof."

The Nelson County action proceeded with the appointment of a Commissioner in Chancery to take evidence and report on a decree of reference. Issues to be addressed by the Commissioner included a determination of the assets, debts, and claims against the estate of Frances Pugh Meeks and whether there were sufficient personal assets to pay the estate's debts. A necessary part of this task was to determine what were appropriate claims against the estate.

On March 12, 1987, the Commissioner sent notice of a hearing to all parties including Pugh. Neither Pugh nor any of the defendants participated in the hearing in person or by counsel. The Commissioner filed his report on October 1, 1987. A copy of the report was sent to Pugh.

The Commissioner inventoried the personal estate of Frances Pugh Meeks. He determined what claims there were against the estate. These included the Teague Funeral

bill with the accrued interest, the cost of the Nelson County suit, the legal fees charged by the attorney for the estate, and the fee of the Administratrix. After listing the personal assets, claims and debts, the Commissioner concluded that the Nelson County property should be sold since the debts of the estate exceeded the amount of the personal estate.

No exceptions were filed to the Commissioner's report by Pugh or any other defendant. On November 13, 1987, the Administratrix filed notice that she would ask the Nelson Circuit Court to confirm the report of the Commissioner and order the sale of the Nelson real estate. The notice was sent to Pugh. An order was entered on November 13, 1987, which "approved, ratified and confirmed [the report of the Commissioner] in all respects." Finding that the debts of the estate exceeded the value of the personalty of the estate, the court ordered the Nelson property to be sold. Pugh then advanced sufficient funds to the Administratrix to satisfy the debts of the estate and avoided the need for the sale. The Nelson County suit was dismissed on June 7, 1988.

In support of her plea of *res judicata*, the Administratrix contends that the payment of the interest on the Teague bill, the cost of the litigation of the Nelson County action, and the administratrix's fee, or in the alternative, the attorney fees paid by the estate, were all the subject of and essential to the Nelson County suit. Since each of these charges was approved, the Administratrix argues that Pugh cannot relitigate the validity of these charges in this action.

For *res judicata* to bar a subsequent action, four elements must be present. First, the remedy sought in each action must be identical. Second, the cause of action must be the same. Third, the parties must be identical. Fourth, there must be an identity of the quality of the persons for or against whom the claim is made. *Wright v. Castles*, 232 Va. 218, 222 (1986); *Mowry v. City of Virginia Beach*, 198 Va. 205, 211 (1956). Here, neither of the first two elements exist. The remedy sought in the Nelson County action is not the same remedy sought in this action. The cause of action of the Nelson County suit was a suit to sell land to satisfy debts of the estate. Here the cause of action is to surcharge the administratrix

of an estate based upon the report of the Commissioner of Accounts. Therefore, the plea of *res judicata*, in its purest form, does not bar Pugh's claim.

The Administratrix's plea also argues that the suit is barred by the doctrine of collateral estoppel which she incorporates in her plea of *res judicata*. Collateral estoppel is different from *res judicata*. Whereas *res judicata* bars relitigation of the same cause of action, collateral estoppel serves to prevent relitigation of issues of fact in subsequent suits even where the cause of action is different, provided that the issues of fact were actually litigated and were essential to a valid and final judgment in the first action. *Bates v. Deavers*, 214 Va. 667, 670 (1974).

For whatever reason, Pugh chose not to participate in the Nelson County suit, although he was a party and was represented by counsel. In order to determine whether the Nelson County property was to be sold, the Commissioner in Chancery necessarily considered and evaluated the validity of the various claims against the estate. The four items which are at issue here were specifically addressed by the Commissioner in Chancery in the Nelson County action. Each was then approved by the Nelson Circuit Court. None was contested by Pugh. Pugh does not argue here that he did not have an opportunity to contest those claims in the Nelson County suit.

Applying the principles of collateral estoppel here, the court is satisfied that the Nelson County suit has a preclusive effect on this action such that Pugh cannot relitigate the validity of claims against the estate that were approved in the Nelson County action. That includes each of the claims here, the administratrix's fees, the attorney fees, the interest on the funeral bill, and the cost of the Nelson County suit.

Accordingly, this court concludes that Pugh's claims are barred by the doctrine of collateral estoppel. Pugh may not relitigate the validity of charges which were approved as claims against the estate in the Nelson County action. The plaintiff's bill of complaint should therefore be dismissed with prejudice.