COUNTY OF BEDFORD, ET AL.

V.

CITY OF BEDFORD, ET AL.

Record No. 910325

February 28, 1992

Present: All the Justices

C. Richard Cranwell (Johnny G. Overstreet; Cranwell & Moore, on briefs), for appellants.

Carter Glass, IV; (George B. Wickham; William W. Berry, IV, City Attorney; Mays & Valentine, on brief), for appellee City of Bedford.

Donald M. Rowe (Rowe & Elder, on brief), for appellee Carriage Hill of Virginia, Ltd.

JUSTICE KEENAN delivered the opinion of the Court.

This appeal raises the issue whether a challenge to the initiation of an annexation suit must be resolved by the trial court before the Commission on Local Government (the Commission) reviews the merits of the annexation request. We conclude that where, as here, the challenge addresses the jurisdiction of the court, the issue must be resolved prior to the Commission's proceedings.

Since the passage of Code § 15.1-1032.2 in 1987, cities and counties have been barred from instituting involuntary annexation proceedings.[1] On January 8, 1990, Carriage Hill of Virginia, a corporation owning land in Bedford County, petitioned the Commission for annexation of 22.75 acres located in Bedford County to the City of Bedford. This tract contained an existing retirement facility complex, as well as land on which the construction of a new retirement facility was planned.

In 1986, the City had entered into a contract with the County, in which the County had relinquished its right to provide water and sewer services to certain designated areas located within the County, including the land in question. In return, the City had agreed to extend water and sewer services to those designated areas.

Upon being denied water and sewer services by the City, Carriage Hill filed an annexation suit. One day after Carriage Hill filed its suit, the City agreed to provide the water and sewer services which it had earlier refused. The City conditioned its approval of the water and sewer services upon Carriage Hill's pursuit of the annexation request. The City's resolution of January 9, 1990, incorporated into the pleadings by reference, provided in part that:

The City grants the request of Carriage Hill for immediate connection of its proposed development to the City's public

---

[1] Code § 15.1-1032.2 provides in part: **Temporary restrictions on granting of city charters, filing annexation notices, institutions of annexation proceedings and county immunity proceedings.** - Beginning January 1, 1987, and terminating July 1, 1990, no city shall file against any county an annexation notice with the Commission on Local Government pursuant to § 15.1-945.7, *and no city shall institute an annexation court action against any county except any city that filed an annexation notice before the Commission on Local Government prior to January 1, 1987 . . . .* However, the foregoing shall not prohibit the institution of nor require the stay of an annexation proceeding or the filing of an annexation notice for the purpose of implementing an annexation agreement, the extent, terms and conditions of which have been agreed upon by a county and city; nor shall the foregoing prohibit the institution of or require the stay of an annexation proceeding by a city which, prior to January 1, 1987, commenced a proceeding before the Commission on Local Government to review a proposed voluntary settlement pursuant to § 15.1-1167.1. (Emphasis added).

As of July 1, 1991, the General Assembly expanded the temporary moratorium on annexation suits to include certain citizen-initiated proceedings. However, this amendment to Code § 15.1-1032.2 specifically provided that those changes did not apply to any annexation suit commenced pursuant to Code § 15.1-1034 prior to July 1, 1991.

water and sewage system conditional on . . . Carriage Hill's giving assurance that it will pursue its annexation request in good faith.

On April 27, 1990, the County filed a Bill of Complaint and Motion for Declaratory Judgment (Complaint) seeking, among other things, a declaration barring Carriage Hill from continuing with its annexation suit. The County alleged that "[n]otwithstanding the statutory bar from initiating annexation proceedings for any territory in the County, the City has induced Defendant Carriage Hill to initiate annexation in an attempt to circumvent the provisions of State law barring annexation." In its Complaint, the County also alleged that "Carriage Hill acted on behalf of and in connection with the City in initiating the petition, . . . attempting to do indirectly what cannot be done directly."

A special three-judge court, appointed to hear the case pursuant to Code § 15.1-1168, sustained demurrers filed by the City and Carriage Hill. The court ruled that the County's Complaint was insufficient as a matter of law and failed to show a right to declaratory relief. In its remarks from the bench, the court stated that "when the proceedings for annexation appear on their face to be citizen initiated, under section 15.1-1034 of the Code of Virginia, the annexation proceeding should be permitted to continue." The court also stated that the issue whether there had been a lack of good faith, or other circumstances showing an intent to circumvent the statute, could be considered in the annexation suit in weighing the merits of the case under Code § 15.1-1041.

In its final decree, the trial court also vacated the previously granted stay of proceedings before the Commission. This appeal followed.

The County argues that the trial court erred in failing to inquire beyond the facial validity of Carriage Hill's annexation suit. The County contends that the court was confronted with a threshold jurisdictional issue, alleging that the City procured the filing of the annexation suit in violation of Code § 15.1-1032.2. Further, the County asserts that since the issue on appeal is whether the trial court erred in sustaining the demurrers, this Court is bound by the facts as alleged in the County's pleadings.

In response, Carriage Hill and the City contend that the trial court did decide the threshold issue whether Carriage Hill's annexation suit was barred as a city-initiated action in violation of

Code § 15.1-1032.2. Carriage Hill and the City assert that the court decided the jurisdictional issue in ruling that the annexation petition was facially valid. They further assert that the County's assignment of error was inadequate to reach the merits of this ruling.

■ Initially, we hold that the County's assignment of error was sufficient to reach the merits of the court's ruling. We construe the essence of the County's assignment of error to be that the trial court failed to dispose of the jurisdictional challenge when it ruled that it need not inquire beyond the facial validity of the suit.

■ We agree with the County that the trial court failed to resolve the jurisdictional issue of the validity of Carriage Hill's suit. In ruling that the facial validity of the suit was sufficient to invoke its jurisdiction, the court never addressed whether the suit was instituted by the City, and thus was filed in violation of Code § 15.1-1032.2.

■ " 'Jurisdiction,' as applied to judicial proceedings, broadly means the power, right or authority in the courts to hear, determine, and enforce the law in cases, causes or controversies." *Murray* v. *Roanoke*, 192 Va. 321, 327, 64 S.E.2d 804, 808 (1951). In the case before us, the County challenged the authority of the trial court to hear and determine an annexation suit where the subject matter of the court's authority had been restricted by Code § 15.1-1032.2 to exclude involuntary suits instituted by a city or county.

■ Since the trial court dismissed this case based on the demurrers filed, on appeal we must consider as true all facts alleged in, or which reasonably may be inferred from, the County's complaint. *West Alex. Prop.* v. *First Va. Mort.*, 221 Va. 134, 136, 267 S.E.2d 149, 150 (1980). We hold that the allegations of the County made it necessary for the court to examine the substance, rather than merely the form, of the suit before it could determine whether it had jurisdiction. The mere form of a document does not shield it from an examination of its actual nature and substance. *See Bolling* v. *Hawthorne Coal Co.*, 197 Va. 554, 566, 90 S.E.2d 159, 168 (1955). Therefore, in the case before us, the court was required to conduct an evidentiary hearing, to determine the substance of the County's allegations regarding the filing of the suit, before it could determine whether the City had insti-

tuted the suit in violation of the moratorium imposed by Code § 15.1-1032.2.[2]

■ The considerations set forth in *King v. Hening*, 203 Va. 582, 125 S.E.2d 827 (1962), apply with equal force to the case before us. There, we stated:

> [I]t is of paramount importance . . . that this question [of jurisdiction] be determined before protracted and expensive hearings are had on the merits. . . . It would be a vain thing for the city to proceed . . . on the merits, with the question of the jurisdiction of the courts remaining unresolved, and later . . . find that it was all for naught because the circuit courts lacked jurisdiction. The question presented not only affects the rights of the petitioner but also involves the interest of all of the residents and taxpayers.

*Id.* at 586, 125 S.E.2d at 830. Thus, we hold here that it is violative of fiscal and judicial economy to require the County to present its full case to the Commission before the court examines the actual nature of the City's participation in the institution of the suit. Further, since the County directly challenges the jurisdiction of the annexation court, this determination must be made initially, rather than examining the City's actions as part of the merits of the suit.

■ We also hold that the case before us is distinguishable from *Mowry v. City of Virginia Beach*, 198 Va. 205, 93 S.E.2d 323 (1956), in which we interpreted the limitation in Code § 15-152.25 regarding successive annexation suits by the same city. There, landowners in Princess Anne County had requested annexation to the City of Virginia Beach. The City had filed an answer stating that it desired to annex the land upon the fulfillment of certain conditions and passed an ordinance to this effect.

In *Mowry*, we held that these actions taken by the City did not change the landowners' annexation suit into a proceeding instituted by the City. 198 Va. at 209-10, 93 S.E.2d at 326. However,

---

[2] In *Charlottesville v. Albemarle*, 214 Va. 365, 368, 200 S.E.2d 551, 554 (1973), we held that for purposes of Code § 15.1-1055, an annexation suit was "instituted" once the requirements of Code § 15.1-1035 were complied with, proof thereof was submitted, and the matter was docketed for hearing. There, however, we were not presented with the issue whether one who has not actually processed the case to docketing can, under sufficiently-pleaded facts, be held to have "instituted" the suit in conjunction with the party who has actually processed the suit.

unlike the case before us, there was no allegation in *Mowry* that the City had induced the landowners to initiate the petition, or that the landowners had acted "on behalf of and in connection with" the City in an attempt to avoid a statutory bar. We find this distinction critical in our determination that the facts alleged in the County's Complaint constituted a jurisdictional challenge which could not be resolved on demurrer.

For these reasons, we will reverse the judgment of the trial court and will remand this case for resolution of the jurisdictional issue with direction that, pending this determination, the court order a stay of all further Commission proceedings in this case.[3]

*Reversed and remanded.*

---

[3] We disagree with Carriage Hill's argument that since the Commission has already held hearings in the case, the requested relief would be moot. It is undisputed that the County did not participate in those hearings in order to preserve its objection to the ruling of the trial court. Therefore, the requested relief is not moot. Also, based on our holding in this case, we do not reach the remaining issues raised by the County in this appeal.