**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID C. O'GRADY,
Plaintiff-Appellant,

v.

No. 95-3159

MCI TELECOMMUNICATIONS
CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-1252-A)

Submitted: November 26, 1996

Decided: December 17, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John M. Bredehoft, Linda M. Jackson, CHARLSON & BREDE-
HOFT, P.C., Reston, Virginia, for Appellant. Christine H. Perdue,
Elizabeth C. Smith, HUNTON & WILLIAMS, McLean, Virginia;
Harvey Rumeld, MCI COMMUNICATIONS CORPORATION,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David C. O'Grady filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. #8E8E # 2000e-2000e-17 (West 1994 & Supp. 1996). O'Grady alleged that his rejection of his homosexual supervisor's attentions caused him to be harassed at work, and ultimately discharged from his job at MCI Telecommunications Corp. (MCIT). The district court held that O'Grady's action was barred on res judicata grounds by a prior action in Virginia state court. We affirm.

O'Grady was discharged in September 1993. He filed an administrative charge with the EEOC the same month. In July 1994, O'Grady filed an action in state court asserting intentional infliction of emotional distress against MCIT and the supervisor, Ward, wrongful termination against MCIT, with an additional claim of intentional interference with contractual relations against Ward. The trial court sustained MCIT's demurrer, and O'Grady filed a nonsuit of his claims against Ward. The Virginia Supreme Court denied O'Grady's petition for appeal. This action was filed in the district court in September 1995, and was dismissed on res judicata grounds.

Our standard of review of summary judgment on res judicata grounds is plenary. Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir.), cert. denied, 498 U.S. 900 (1990). Section 1738, 28 U.S.C. (1994), requires federal courts to give preclusive effect to state court judgments where the state courts would do so. We must look to state law to determine the preclusive effect of a prior state judgment. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379-80 (1985).

In Virginia, res judicata bars relitigation of a cause of action that was or could have been litigated between the parties in the first

2

action. Smith v. Ware, 421 S.E.2d 444, 445 (Va. 1992). The initial action must have resulted in a final determination on the merits by a court with jurisdiction. Gottlieb v. Gottlieb , 448 S.E.2d 666, 669 (Va. Ct. App. 1994). A decision sustaining a demurrer for failure to state a claim, as in the state court decision at issue here, is a decision on the merits. Turpin v. Lyle, 377 F. Supp. 170, 174 (W.D. Va. 1974).

O'Grady's state and federal actions were based on identical facts, sought the same remedies, and involved the same parties, with the exception of Ward, who is not involved in this action. Thus, Virginia courts would find res judicata applicable. Mowry v. Virginia Beach, 93 S.E.2d 323, 327 (Va. 1956). Although O'Grady did not raise a Title VII claim in his state action, he could have done so--state courts have jurisdiction over Title VII claims. Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 821 (1990). While O'Grady had not yet received his right to sue notice from the EEOC, he was entitled to one under 42 U.S.C. § 2000e-5(f)(1) (1994); 29 C.F.R. § 1601.28(a) (1996).

Accordingly, we conclude that the district court's application of the res judicata bar was appropriate and correct. We affirm the judgment against O'Grady. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED