450

[black box]

## CIRCUIT COURT OF WASHINGTON COUNTY

Washington County

    v.

City of Bristol,
Trammell Investments, L.L.C.,
and McAfee B. Trammell

Case No. CL98-185-01

Washington County

    v.

City of Bristol,
Trammell Investments, L.L.C.,
The Leonard, L.P.,
Henard Enterprises, Inc.,
J. H. Spurgeon,
R & J Development Co., L.L.C.,
Crown Point Developments, Inc.
Jason Traverse, Trustee,
and Singer Island Hotel, Inc.

Case No. CL03-11

December 12, 2003

BY JUDGES CLIFFORD R. WECKSTEIN, WILLIAM N. ALEXANDER, II; AND RODHAM T. DELK

In a pair of declaratory judgment actions, Washington County seeks to enjoin proceedings that might ultimately result in part of Washington County being annexed into the adjoining City of Bristol. Before convening to hear the cases, the court must dispose of demurrers and special pleas. For reasons that follow, we:

Dismiss McAfee B. Trammell as a defendant;

Sustain demurrers to claims that Trammell Investments, L.L.C., and McAfee B. Trammell violated a court order or a 1995 annexation agreement;

Find untimely Washington County's question about whether a landowner meets the statutory requirement that it own at least 51% of the land it seeks to have annexed;

Hold that the Commission on Local Government is not a necessary party to these suits;

Overrule other demurrers and special pleas; and

Find that these cases should be transferred to the chancery side of the court.

"A fundamental and unique feature of [local government in] Virginia is separation between county and city; independent cities are politically and administratively separated from the county or counties in which they are geographically located." Jean Gottmann, *Virginia in Our Century* (new printing with supplemental chapter) at 619 (1969); *see* Virginia Const., Art. VI, § 1; Virginia Code §§ 1-13.2, 15.1-102. The General Assembly, which has complete power over the organization and governance of counties, cities, towns, and regional governments, (*see* Va. Const., Art. VI, § 2; *Arlington County v. White*, 259 Va. 708, 710, n. 1, 528 S.E.2d 706 (2000)) enacted a statutory scheme that permits localities and individuals to initiate proceedings through which land located in a county becomes part of, is annexed into, an adjacent city. Va. Code § 15.2-3203. Since 1987, however, a statutory moratorium has barred cities from initiating hostile proceedings to annex county property. Va. Code § 15.2-3201.

To help ensure that all "localities are maintained as viable communities in which their citizens can live," the General Assembly established the Commission on Local Government (COLG). Va. Code § 15.2-2900. Notice to, and action by, the Commission is an essential prerequisite to territorial annexation or local-government boundary line adjustment. Va. Code § 15.2-2907.

In 1995, Bristol and Washington County entered into a "Voluntary Settlement Agreement," under which property in Washington County was to be annexed into Bristol. Following the procedure established by the General Assembly, notice was given to the COLG, which held hearings, conducted an

investigation, and made recommendations. *Id.* The agreement then was submitted to this special three-judge court, which had been appointed by the Supreme Court to decide whether the agreement should be approved. *See* Code §§ 15.2-3000, 15.2-3002. We conducted a hearing and approved the agreement on December 21, 1998.

In late 2002 and early 2003, eight property owners filed "notices" with the Commission. Under the statutory scheme for citizen-initiated annexations, these notices triggered COLG proceedings that could result in annexation into Bristol of additional land that is now part of Washington County. The County seeks, in these suits, to enjoin those proceedings. It asserts:

That Bristol and other defendants violated both this court's 1998 orders and the agreement the court approved in 1998;

That property-owner petitions violate the statutory restriction on city-initiated annexations;

That property-owner petitions are fatally flawed because the petitioners failed to give notices that are required by law, the absence of which deprives the Commission of jurisdiction to act; and

That one petition must be dismissed because the petitioner, Leonard, L.P., does not meet the requirement embodied in Code § 15.2-3203 that a property owner own 51% of the land in the area it seeks to have annexed.

The defendants have filed demurrers, pleadings that say, in effect, that, even if the facts are what Washington County says they are, the County cannot prevail. When ruling on demurrers, we do not decide whether the County will win on any of its claims, but only whether it has said enough in its pleadings to allow the suit to proceed. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001); *Fun v. Virginia Military Institute*, 245 Va. 249, 252, 427 S.E.2d 181 (1993); *see* James W. McIlhaney, *Trial Notebook: Litigation Traps*, 29 LITIGATION No. 1, 61, 62 (2002). While we are not required to accept the County's legal theories, we must accept the truth of every factual statement in the Motions for Declaratory Judgment; view the factual assertions in the County's pleadings in the light most favorable to the County; draw every inference in the County's favor; consider as true and in the light most favorable to the County any fact that can be inferred from the factual allegations in the County's pleadings; and recite the facts in the light most favorable to the County. *Fuste v. Riverside Healthcare Ass'n.*, 265 Va. 127, 131 – 32, 575 S.E.2d 858 (2003); *Woods v. Mendez*, 265 Va. 68, 76, 574 S.E.2d 263 (2003); *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382 – 83, 493 S.E.2d 516 (1997). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleadings." *CaterCorp, Inc. v.*

*Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991)); Rule 1:4(i). The 1995 agreement is an exhibit to the County's pleadings.

A three-judge court that grants an annexation petition, as we did in 1998, remains in existence for ten years from the effective date of its annexation order; it may be reconvened on motion of one of the governing bodies. Va. Code § 15.2-3217. In that case (No. CL98-185, the "Clear Creek suit"), the County has asked the court to reconvene and has filed a motion for declaratory judgment. It filed a second motion for declaratory judgment in a new case, No. CL03-11 (the "Landowners' suit").

In its motion for declaratory judgment in the Clear Creek suit, the County challenges the annexation notice filed by Trammell Investments, L.L.C. Naming the City, Trammell Investments, and McAfee Trammell (the principal owner of Trammell Investments) as defendants, the County alleges that all three breached a provision of the 1995 agreement and violated the order affirming the agreement; and asserts that the Trammel Investments annexation notice violates Code § 15.2-3201's moratorium on city-initiated annexation.

The County has not alleged, however, that either Trammel Investments or McAfee Trammel was a party to the 1995 agreement or the 1998 litigation. Neither the face of the agreement nor the pleadings that led to the 1998 order, both of which are before the court, identify any parties except the City of Bristol and the County of Washington. In fact, the agreement, by its own terms, did "not affect the rights of property owners and voters" to institute annexation proceedings pursuant to § 15.2-3203.

An action for breach of contract can be brought by or against only those who have a legal interest in the contract, the parties to the contract and those in legal privity with the contracting parties. *See Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805 (1996); *Cottrell v. General Sys. Software Corp.*, 248 Va. 401, 403, 448 S.E.2d 421 (1994). Similarly, a party cannot be sanctioned for violating a court order unless that order, expressly, not by implication, and "in definite terms" imposed duties upon that party. *Glanz v. Mendelson*, 34 Va. App. 141, 148, 538 S.E.2d 348 (2000) (quoting *Winn v. Winn*, 218 Va. 8, 10, 235 S.E.2d 307 (1977)). The 1998 annexation order imposed no duties on either Trammell Investments or McAfee Trammell; neither was a party to the suit in which the order was entered.

We therefore sustain demurrers to the claims that Trammell Investments and McAfee B. Trammell violated the 1995 agreement and the 1998 order.

Trammell Investments and McAfee Trammell also demur to Count II of the Clear Creek suit, claiming that the County's pleadings do not sufficiently assert that Bristol "induced" or "procured" the Trammell Investments

annexation notices. They are mistaken. Washington County asserts that Bristol induced the Trammell annexation proceeding "in an attempt to circumvent the provisions of state law barring city-initiated annexations" and that "specific identifiable consideration passed between" Bristol and Trammell to allow the City "to do indirectly what it cannot do directly." The factual assertions in the County's claim against Trammell Investments and the City of Bristol state a claim for violation of the statutory moratorium on city-initiated annexation. *See County of Bedford v. City of Bedford*, 243 Va. 330, 414 S.E.2d 838 (1992). It is perhaps worthy of passing note that counsel in this case rehearse arguments that they made in the *Bedford* case. Counsel for Washington County, C. Richard Cranwell, and for the City of Bristol, Carter Glass, IV, represented, respectively, the County and the City of Bedford. *Id.* at 331.

Similarly, the City and the other defendants in the Landowners' suit demur to Count V of that motion for declaratory judgment, in which the County asserts that the "Notice of Annexation filed by the Landowner Defendants ... was done at the encouragement, suggestion, and concurrence with the City of Bristol with the design and purpose of achieving annexation to the City contrary to ... Va. Code § 15.2-3201," and that the "purported landowner annexation action filed with the COLG ... is, in nature and substance, a city-initiated annexation due to the City's participation in its inception." These are assertions of fact. Assuming the truth of these assertions and giving the County the benefit of all factual inferences to be drawn from its pleadings, it has stated a claim for violation of Code § 15.2-3201. *Catercorp*, 246 Va. at 24, 431 S.E.2d at 279.

The County has not, however, stated any claim upon which relief can be granted against McAfee Trammell. It alleges that he is the principal owner of a Virginia limited liability company which has given an annexation notice to the COLG, but states no facts from which we might be able to conclude that the "corporate veil" could be pierced. "No member, manager, or other agent of a limited liability company shall have any personal obligation for any liabilities of a limited liability company, whether such liabilities arise in contract, tort, or otherwise ... ." Va. Code § 13.1-1019. McAfee Trammell, therefore, will be dismissed as a defendant.

The County asserts in the Landowners' suit that property owners who filed annexation notices with the Commission failed to timely fulfill notice requirements of § 15.2-2907(A). By plea in bar, the City seeks dismissal of this claim. It asserts that any deficiency in notice was remedied nine days after the original annexation notices were filed.

"A plea in bar is a defensive pleading that reduces the litigation to a single issue, which, if proven, creates a bar to the plaintiff's right of recovery. The

party asserting a plea in bar carries the burden of proof." *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580 (2000) (internal citations and quotation marks omitted). "Where no evidence is taken in support of the plea, the trial court ... must rely solely upon the pleadings in resolving the issue presented." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882 (1996). On a plea in bar, as on a demurrer, the facts stated in the plaintiff's pleading are deemed to be true, *Id.* (quoting *Glascock v. Laserna*, 247 Va. 108, 109, 439 S.E.2d 380, 380 (1994)), and we must give the County the benefit of all reasonable inferences to be drawn therefrom, unless those inferences would be strained, forced, or contrary to reason. *Adkins v. Dixon*, 253 Va. 275, 277, 482 S.E.2d 797 (1997). We also must note that the Supreme Court of Virginia has "stated on several occasions that we disapprove the grant of motions which 'short circuit' the legal process thereby depriving a litigant of his day in court and depriving this Court of an opportunity to review a thoroughly developed record on appeal." *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd.*, 253 Va. 93, 95, 480 S.E.2d 471 (1997) (citations omitted). On this point, the County's factual assertions state a claim to be decided on the evidence and argument presented at trial, not one to be "short circuited" by pretrial legal ruling.

In the Landowners' suit, the County also asserts that Leonard, L.P., did not meet the statutory standing requirement of Code § 15.2-3203,[1] because, at the time it filed an annexation notice with the Commission, Leonard did not own 51% of the land in the area it sought to have annexed. (Outside of the pleadings, Bristol avers that, even if Leonard did not then own enough property, Leonard now owns all parcels within the designated area.) However, the 51% ownership requirement is irrelevant at the time that notice is filed with the Commission. The requirement comes into play only when, after the Commission has done its work, a petition is filed in the circuit court. *City of Roanoke v. County of Roanoke*, 214 Va. 216, 221 – 22, 198 S.E.2d 780, 785 (1973). Thus, this is not a claim upon which relief can now be granted; it is in fact, not a claim within the subject-matter jurisdiction of the court at this juncture, and we therefore dismiss it.

---

[1] "Whenever fifty-one percent of the voters of any territory adjacent to any city or town or fifty-one percent of the owners of real estate in number and land area in a designated area ... petition the circuit court for the county, stating that it is desirable that such territory be annexed to the city or town and setting forth the metes and bounds thereof, a copy of such petition shall be served on the city or town council, and published in the manner prescribed in § 15.2-3204. The case shall, except as otherwise provided in this chapter, proceed in all respects as though instituted in the manner prescribed in § 15.2-3202; however, the special court shall not increase the area of the territory described in the petition." Va. Code § 15.2-3203(A).

Bristol also demurs to Washington County's prayer for injunctive relief, asserting that, in order to state a claim for injunctive relief, the County must allege that the landowners have threatened to continue with the annexation notwithstanding any ruling this court might make.

A "prohibitory injunction" operates "not to repair or penalize a wrong previously consummated, but either to maintain the *status quo*, to restrain the continued commission of an on-going wrong, or to prevent the future commission of an anticipated wrong." *WTAR Radio-TV Corp. v. City of Virginia Beach*, 216 Va. 892, 894 – 95, 223 S.E.2d 895, 898 (1976). "When there is reasonable cause to believe that the wrong is one that would cause irreparable injury and the wrong is actually threatened or apprehended with reasonable probability, there is good cause for entry of a prohibitory injunction." *Id.* at 895, 223 S.E.2d at 898. The County sets forth facts to support an allegation that proceedings before the COLG, if allowed to continue, would result in irreparable injury. Further, the County's claim that the landowners are, in effect, stalking-horses or proxies for the City of Bristol and that proceedings before the Commission would violate both the court-ordered and statutory moratorium on city-initiated annexation make out a claim of "on-going wrong" or "anticipated wrong," for which a prohibitory injunction is an appropriate relief. (Bristol's assertion that the hearings before the COLG have been voluntarily postponed are not relevant to a ruling on demurrers, since the facts and inferences are viewed in the light most favorable to the plaintiff.) We therefore will overrule the demurrer to the claim for injunctive relief.

Injunctions are, however, "extraordinary remed[ies], available only in equity." *Wright v. Castles*, 232 Va. 218, 224, 349 S.E.2d 125, 129 (1986). These actions were commenced at law, rather than in equity. Pursuant to Code § 8.01-270, the court *sua sponte* transfers the proceedings to the chancery side of the court. *But see Carr v. Union Church of Hopewell*, 186 Va. 411, 418, 42 S.E.2d 840 (1947).

The City also demurred to a number of counts because they do not "allege a breach of any right, duty, or obligation, or because they duplicate claims made in other counts." Since these counts set forth background information, explain the court's obligation to decide the jurisdictional challenge, assert the existence of a justiciable controversy and set forth the County's prayer for relief, we hold that no demurrer lies to these counts.

Finally, the City asserts that the Commission is a necessary party. A necessary party is one that has a legal or beneficial interest in the subject matter of a suit. *McDougle v. McDougle*, 214 Va. 636, 637, 203 S.E.2d 131, 133 (1974). The purpose of the "necessary parties doctrine" is to ensure that

no individual is deprived of property without being afforded the opportunity to be heard. *Id.* If this court were to grant the relief that the County seeks, property owners who have filed notices with the Commission would be barred from proceeding before the Commission. The Commission, however, would be deprived of no property; no legal or beneficial interest of the COLG would be affected. Therefore, we deny the motion to add the COLG as a necessary party.